HENG WANG & ASSOCIATES, P.C.
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (212) 203-5231
Facsimile: (212) 203-5237
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

| | |
|---|---|
| XIAOJUN HU, YE YAO, and HAIFENG ZHANG, on behalf of themselves and all others similarly situated, | **COMPLAINT** |
| Plaintiffs, | **COLLECTIVE ACTION UNDER 29 U.S.C. §216(b) AND CLASS ACTION UNDER RULE 23** |
| -against- | |
| KEUNG CHAN, SIMON CHAN, MAY TONG a/k/a KAM KUK TONG a/k/a KUK KAM TONG, FEN ZHEN CHEN a/k/a FENG ZHEN CHEN, WING KEUNG ENTERPRISES, INC. d/b/a WK FOODS, WK TRUCKING LLC. d/b/a WK FOODS, and WKFC LLC. d/b/a WK FOODS | Case No.: |
| | **JURY TRIAL DEMANDED** |
| Defendants. | |

-----------------------------------------------------------------------X

Plaintiffs XIAOJUN HU, YE YAO, and HAIFENG ZHANG, on behalf of themselves and all others similarly situated (collectively "Plaintiffs"), by and through their undersigned attorneys, allege as follows, upon personal knowledge as to themselves and on behalf of all other persons similarly situated:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over plaintiffs' federal claims pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216 and 28 U.S.C. §1331 and 1337.

2. This Court has supplemental jurisdiction over plaintiffs' New York state claims pursuant to 28 U.S.C. §1367.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391 because defendants' business is located in this district and a substantial part of the events or omissions giving rise to the claims occurred in this district.

### NATURE OF THE ACTION

4. This action is brought to recover unpaid wages owed to Plaintiffs and all other similarly situated current and former employees of Defendant as well as injunctive and declaratory relief against Defendant's unlawful actions, and attorneys' fees and costs.

5. Plaintiffs allege on behalf of themselves and on behalf of others similarly situated current and former employees of defendants that pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., ("FLSA"), and the collective action provision of FLSA 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provision of the FLSA by Defendants, that have deprived Plaintiffs and other similarly situated of their lawful (i) wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et. seq.; (iii) pre-judgment interest; (iv) attorneys' fees and costs; and (v) appropriate injunctive relief.

6. Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former employees of Defendants, pursuant to Rule 23 of the Federal Rules of Civil Procedure, to remedy violations of the wage-and-hour provision of the New York Labor Laws ("NYLL") by Defendants, that have deprived Plaintiffs and other similarly situated of their lawful (i) wages from defendants for overtime work for which they did not receive overtime premium pay as required by law; (ii) spread of hours claim pursuant to the NYLL; (iii) pay frequency claim pursuant to NYLL; (iv) liquidated damages pursuant to the NYLL; (v) compensation for Defendants' violations of the Wage Theft Prevention Act

– 2 –

("WTPA"); (vi) pre-judgment interest; (vii) attorneys' fees and costs; and (viii) appropriate injunctive relief.

### THE PARTIES

7. The plaintiffs are individuals residing in the State of New York.

8. WING KEUNG ENTERPRISES, INC. ("Wing Keung") is an entity formed in the State of New York on May 2, 2001.

9. Since its inception, Wing Keung had been operating a wholesale business located at 3140 College Point Blvd, Flushing, NY 11354-2527, until early 2017 when it moved to 810 South Broadway, Hicksville, NY 11801 to continue its business.

10. WK TRUCKING, LLC. ("WK") is an entity formed in the State of New York on May 4, 2017.

11. WK is a trucking company related to the other Defendant business entities.

12. According to government databases such as the New York State Business Entity Search, the addresses for WK include 13-04 138th Street, College Point, NY.

13. This is the same address associated with the other Defendants, including Wing Keung Enterprises, Inc. and Defendant Keung Chan.

14. WKFC LLC ("WKFC") is an entity formed in the State of New York on February 22, 2016.

15. WKFC took over Wing Keung's customers, employees, management team, and inventory.

16. WKFC is also currently conducting the same line of business as Wing Keung at Wing Keung's new address 810 South Broadway, Hicksville, NY 11801.

17. As Wing Keung's successor, WKFC shall also be held liable for Wing Keung's labor law violations.

18. According to government databases such as the New York State Business Entity Search, the addresses for WKFC include 810 South Broadway, Hicksville, NY 11801.

– 3 –

19. Wing Keung has been previously sued in this district court two times in <u>Chaohui Tang , et al v. Wing Keung Enterprises, Inc.</u>, Case No. 14-cv-390 ("<u>Tang</u> Litigation"),    and <u>Jun Kong v. Wing Keung Enterprises, Inc., et al.</u>, Case No. 15-cv-6228 ("<u>Kong</u> Litigation") by its former employees in connection with labor law violations.

20. Wing Keung is a named defendant in a pending case in this district court, <u>Jian Cheng Liu, et al. v. Wing Keung Enterprises, Inc.</u>, Case No. 18-cv-5044 ("<u>Liu</u> Litigation"), which was filed on September 6, 2018 by its former employees in connection with labor law violations.

21. Wing Keung is also a named defendant in two pending New York State litigations in Queens County, <u>Gang Li v. Kueng Chan, et al.</u>, Index No. 713860/2018 ("<u>Li</u> Litigation"), which was filed on September 8, 2018; and <u>Yunpeng Yang v. Keung Chan, et al.</u>, ("<u>Yang</u> Litigation"), which was filed on December 27, 2021. Both pending cases are filed by its former employees in connection with labor law violations.

22. In <u>Tang</u> Litigation and <u>Kong</u> Litigation, judgments were entered by the Court against Wing Keung.

23. In the <u>Tang</u> Litigation, judgment was entered via *Order and Judgment* by the Honorable Judge Jack B. Weinstein, U.S.D.J. on May 16, 2017, against Wing Keung Enterprises, Inc. and Defendant Keung Chan, jointly and severally. **Exhibit 1**

24. In the <u>Tang</u> Litigation, Plaintiffs were also awarded post-judgment interest on all sums awarded, to wit, $525,419.04.

25. In the <u>Kong</u> Litigation, judgment was entered by the Clerk of the Court on August 6, 2018. **Exhibit 2**.

26. Judgment was thereby entered against Wing Keung Enterprises Inc., Keung Chan, and May Tong, jointly and severally, in the amount of $800,000.

– 4 –

27. The plaintiffs in the <u>Tang</u> Litigation prevailed at a jury trial held in February 2017.

28. The judgment in the <u>Tang</u> Litigation was entered on May 16, 2017.

29. WK was formed approximately two weeks before judgment was entered against Defendants on May 16, 2017 in the <u>Tang</u> Litigation.

30. The defendants formed WK less than half a month before said judgment was entered, to transfer Wing Keung's business and assets to WK, with the intention to defraud the plaintiffs in <u>Tang</u> Litigation and other workers that had similar claims.

31. Upon information and belief, the defendants indeed transferred at least some business and assets to WK.

32. Keung Chan was the Chief Executive Officer of both Wing Keung and WK. At all relevant time, Keung Chan maintained control, oversight and direction over the operation of the business, including its employment and pay practices. He was also actively involved in the management of WKFC, including without limitation supervising the drivers and helpers.

33. Wing Keung, WK, and WKFC conduct the same type of business, and share manpower and resources.

34. Keung Chan and his wife May Tong a/k/a Kam Kuk Tong a/k/a Kuk Kam Tong were shareholders of Wing Keung, each having 50% ownership interest.

35. Keung Chan was the sole owner of WK.

36. In <u>Tang</u> Litigation and <u>Kong</u> Litigation, judgments were entered against Keung Chan, and he admitted personal liability.

37. May Tong is the "boss lady" involved in the management of Wing Keung and WK. As a manager, she supervised the workers in general. She is responsible for, among other things,

overlooking employees' work schedules, compensation, and defendants' pay and recordkeeping practices.

38. The Court should take judicial notice of the prior two aforementioned judgments as well as the admission of personal liability made by the Defendants therein.

39. Simon Chan was the son of Keung Chan and May Tong.

40. Simon Chan was, and is, the Chief Executive Officer of WKFC.

41. Simon Chan was, and is, the sole owner of WKFC.

42. He was also actively involved in the management of Wing Keung and WK. He managed and oversaw the defendants' daily business activities in general as an officer and the General Manager.

43. Simon Chan was an officer, and has been one of the individuals overseeing the business on a daily basis.

44. On the basis of Simon Chan's daily operational control and/or management, and on the basis of his participation in the fraudulent conveyances described herein and in prior case filings, Simon Chan is personally liable as a Defendant.

45. Fen Zhen Chen a/k/a Feng Zhen Chen was a General Manager of the corporate defendants.

46. He managed and oversaw the defendants' daily business activities in general, and directly supervised Plaintiffs' work.

47. Fen Zhen Chen, both by virtue of his daily management activities, as well as by virtue of his involvement in the fraudulent conveyances described herein and through prior docket filings, is personally liable in this matter.

48. All of the individual Defendants, both by virtue of their daily management activities, as well as by virtue of their involvement in the fraudulent conveyances described herein and through prior docket filings, are personally liable in this matter.

49. The individual defendants, through their exercise of complete dominion over Wing Keung, WK, and WKFC have committed a fraud against the plaintiffs.

50. Wing Keung, WK and WKFC have disregarded the corporate formalities by, among other things, causing Wing Keung to fraudulently transfer its business and assets to WK, and predominately to WKFC.

51. The defendants have commingled Wing Keung, WK and WKFC's corporate finance with each other, and with their own personal finance.

52. The defendants were aware of the labor law claims of its numerous employees and former employees, although such claims had not been formally asserted.

53. Therefore, the defendants set up multiple entities for the purpose of defrauding their employees and former employees who have claims against the defendants.

54. All corporate defendants share financial control, and have common management and centralized control of labor relations.

55. The defendants are therefore alter-egos of each other, thereby making each jointly and severally liable to the plaintiffs for the damages that the plaintiffs have suffered.

56. Other than personal liability available under the labor laws, the Court should also allow the plaintiffs to pierce the corporate/LLC's veil, and holds all defendants liable.

### THE DEFENDANTS' PERVASIVE AND SYSTEMIC FRAUDULENT LABOR LAW PRACTICES

– 7 –

57. The evidence unearthed in the <u>Tang</u> Litigation, the <u>Kong</u> Litigation and the <u>Liu</u> Litigation revealed the defendants' pervasive and systemic fraudulent labor law practices.

58. At least several years ago, the defendants used modern technologies, such as facial recognition and fingerprint technologies, to create fraudulent employment records that appeared to be genuine in order to help them escape from liabilities under the labor laws.

59. However, the defendants secretly maintained another set of records contained in a 3-ring binder, which are the defendants' true payroll records.

60. The defendants required its employees, who generally did not understand English, to sign off on fraudulent payroll calculations, in order to create a set of records to be used in wage and hours disputes to protect the defendants from labor law claims.

61. It was not until the late stage of the <u>Kong</u> Litigation that the documentary evidence of the defendants' fraudulent and systemic fraudulent labor law practices eventually came to light.

62. The key players in their pervasive and systemic fraud included their officer and General Manager Simon Chan, General Manager Fen Zhen Chen, bookkeeper Grace Wong, Keung Chan, and May Tong.

63. Simon Chan played a very significant role in designing and implementing the defendants' fraudulent labor law practices. Simon Chan previously admitted in an earlier related case that he managed the defendants' payroll department, and helped his parents, to wit, Keung Chan and May Tong, by setting up and maintaining the company's payroll records. Among other things, he was the one that was involved in the creation of the defendants' fraudulent "employment records." He would review and finalize the employee's timesheets, and provide the accompanying fraudulent documents to Grace Wong to give to the employees.

Grace Wong would then present these fraudulent documents to the employees to obtain their signatures.

64. The <u>Kong</u> Litigation was quickly resolved after the plaintiff discovered evidence of the defendants' fraudulent practices and moved for sanctions. A significant $800,000 judgment was entered, by consent, in favor of the plaintiff and against the defendants in the <u>Kong</u> Litigation.

65. The defendants' systemic fraudulent labor law practices apply to all of its workers such as drivers, laborers, and movers.

### <u>PLAINTIFFS' FACTUAL ALLEGATIONS</u>

66. Plaintiffs were blue-collar manual workers employed by Defendants.

67. Plaintiff Xiaojun Hu ("Hu") was employed by Wing Keung from approximately December 1, 2016 to December 19, 2020.

68. He started out working at Wing Keung's prior location at 3140 College Point Blvd, Flushing, NY 11354-2527, and then worked at Wing Keung's current location, 810 South Broadway, Hicksville, NY 11801.

69. He initially performed miscellaneous work, and then worked as a truck driver.

70. Hu was initially paid $2,800/month, then $650/week, then received raises periodically until his salary reached $900/week.

71. He worked 6 days a week.

72. During his employment, he worked over 70 hours a week.

73. Plaintiff Haifeng Zhang ("Zhang") was employed by Wing Keung from approximately March 5, 2018 to December 26, 2020. He initially performed miscellaneous work, and then worked as a truck driver.

74. Zhang was initially paid $650/week, then received raises periodically until his salary reached $875/week.

75. He worked 6 days a week, over 70 hours a week.

76. Plaintiff Ye Yao ("Yao") was employed by Wing Keung from approximately December 1, 2018, to February 5, 2021. He was hired as a truck driver.

77. Yao was paid $850/week.

78. He worked six days a week, over 57 hours a week.

79. During the plaintiffs' employment, they were generally not given any meal time.

80. At all relevant times herein, Plaintiffs were employees engaged in commerce and/or in the transfer of goods for commerce, as defined in the FLSA and its implementing regulations.

81. At all relevant times herein, the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations required defendants to pay plaintiffs overtime wages at a wage rate of 1.5 times their regular rate for hours worked in excess of forty hours per week.

82. Defendants willfully failed to pay each plaintiff overtime pay for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

83. In addition, defendants refused to provide the plaintiff proper written notice of his regular rate of pay or overtime rate of pay, in violation of New York Labor Law § 195.1 and the Wage Theft Prevention Act.

84. Defendants failed to provide the plaintiff with accurate paystubs and W-2s as required by state and federal law.

85. As a result of these violations of federal and state law, plaintiffs are entitled to (1) unpaid overtime wages for overtime hours for which they were paid less than one and a half times their regular rate; (2) liquidated damages, and all other remedies prescribed by statute; (3) injunctive relief to enjoin defendants from violations of federal and state law; (4) attorneys' fees and costs as provided by statute or otherwise; (5) and all other legal and equitable remedies this Court deems appropriate.

86. By the conduct described in this Complaint, Defendants have willfully committed widespread violations of the Fair Labor Standards Act and the New York Labor Law by failing to pay its employee, including Plaintiffs, proper overtime as required by law.

87. Parties previously executed multiple tolling agreements, with the latest agreement expiring on December 27, 2021.

**CLASS AND COLLECTIVE ALLEGATIONS**

88. Plaintiffs bring FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for the defendants who elect to opt in to this action (the "FLSA Collective").

89. The defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs, and as such, notice should be sent to the FLSA Collective. There are many similarly situated current and former employees of Defendants who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present lawsuit. Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

90. Plaintiffs also bring this action on behalf of themselves and a class of persons under Rule 23 of the Federal Rules of Civil Procedures.

91. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, the facts on which the calculation of that number can be based are presently within the sole control of Defendants.

92. The claims of Plaintiffs are typical of the claims of the Rule 23 Class.

93. Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class.

94. There are questions of law and fact common to the Rule 23 Class that predominate over any questions solely affecting individual members of the Rule 23 Class, including but not limited to:

    (a) Whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

    (b) What proof of hours worked is sufficient where employer fails in its duty to maintain true and accurate time records;

    (c) Whether Defendants have failed to compensate Plaintiffs and the Rule 23 Class for work performed in excess of 40 hours per workweek with proper wages as required by law;

    (d) Whether Defendants have failed to make spread of hours payments pursuant to the NYLL;

    (e) Whether Defendants have violated the statement and notice requirements under the WTPA;

(f) The nature and extent of Rule 23 Class-wide injury and the appropriate measure of damages for the class; and

95. The claims of Plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and the Rule 23 Class work or have worked for Defendants in its wholesale business and have not been paid proper wages for the hours that they have worked. Defendants have acted and refused to act on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief with respect to the Rule 23 Class appropriate.

96. Plaintiffs have retained counsel competent and experienced in labor and employment litigation. Especially, where nearly all members of the Rule 23 Class in this action are Chinese immigrants with very limited English proficiency, counsel's fluency in Chinese is indispensable in the adequate representation of the Rule 23 Class.

97. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a company. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class Members are not *de minimis*, such damages are small compared to expense and burden of individual prosecution of this litigation. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgment against Defendants' practices.

98. It has been Defendants' persistent policy, pattern and practice to fail to pay its drivers, laborers and movers proper wages as required by law.

99. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and the New York Labor Law. This pattern and practice include but is not limited to:

    (a) Willfully failing to accurately record all of the time that its employees, including Plaintiffs and the Class Members, have worked for the benefit of the Defendants;

    (b) Willfully failing to keep accurate employment records as required by the FLSA and the NYLL;

    (c) Willfully failing to pay its employees, including Plaintiffs and the Class Members, overtime wages for hours that they worked in excess of 40 hours per week;

    (d) Willfully failed to make spread of hours payments pursuant to the NYLL;

    (e) Willfully failing to meet the requirements under the WTPA.

100.     Defendants' unlawful conduct has been widespread, repeated and consistent.

## COUNT I

**Overtime Wages Under the Fair Labor Standards Act**
**(Brought on Behalf of Plaintiffs and the FLSA Collective)**

101.     Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

102.     The defendants have engaged in a widespread pattern and practice of violating the FLSA, as detailed in this Complaint.

103.     Plaintiffs have consented in writing to be a party of this action, pursuant to 29 U.S.C. § 216(b).

104.     At all relevant times, defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours

per week to which plaintiffs were entitled under 29 U.S.C. §206(a), in violation of 29 U.S.C.

§207(a)(1).

105.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within

the meaning of 29 U.S.C. § 255(a).

106.    Defendants have not made a good faith effort to comply with the FLSA with respect

to their compensation of plaintiffs.

107.    By reason of defendants' FLSA violations, plaintiffs and the FLSA Collective are

entitled to recover from defendants, jointly and severally, their unpaid overtime wages and

an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and

costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29

U.S.C. §216(b), all in an amount to be determined at trial.

## COUNT II

### Overtime Wage Under New York Labor Law
### (Brought on Behalf of Plaintiffs and all Rule 23 Class Members)

108.    Plaintiffs reallege and incorporate by reference all allegations in the preceding

paragraphs as if fully set forth herein.

109.    At all relevant times, defendants employed plaintiffs and the Rule 23 Class member

within the meaning of the New York Labor Law §§ 2 and 651.

110.    Defendants willfully violated plaintiffs and the Rule 23 Class members' rights by

failing to pay them overtime wages for hours worked in excess of forty hours per week at a

wage rate of 1.5 times their regular rate of pay or, at a minimum, 1.5 times the minimum

wage to which plaintiffs were entitled under New York Labor Law 652, in violation of 12

N.Y.C.C.R.R. 142-2.2.

111.     Defendants' failure to pay overtime was willful within the meaning of New York labor Law § 663 and supporting regulations.

112.     By reason of defendants' violations of New York Labor Law, plaintiffs and the Rule 23 Class member are entitled to recover from defendants their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to New York labor Law 198, all in an amount to be determined at trial.

## COUNT III

**Spread of Hours Under New York Labor Law**
**(Brought on Behalf of Plaintiffs and all Rule 23 Class Members)**

113.     Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

114.     The NYLL requires employers to pay an extra hour's pay for every day that an employee works an interval in excess of 10 hours pursuant to the NYLL §§190, *et seq.*, and §§650, *et seq.*, and New York State Department of Labor regulations §146-1.6.

115.     The defendants violated the aforementioned legal requirement.

## COUNT IV

**Wage Theft Prevention Act Under New York Labor Law**
**(Brought on Behalf of Plaintiffs and all Rule 23 Class Members)**

116.     Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

117.     At all relevant times, defendants employed plaintiffs within the meaning of the New York Labor Law §§ 2 and 651.

118.     Defendants willfully violated plaintiffs and the Rule 23 Class members' rights by failing to provide each of them with proper wage notices as required by the Wage Theft Prevention Act.

119.     Defendants willfully violated plaintiffs and the Rule 23 Class members' rights by failing to provide each of them with wage statements as required by the Wage Theft Prevention Act.

120.     Due to defendants' New York Labor Law violations, plaintiffs and the Rule 23 Class members are entitled to recover statutory damages pursuant to the WTPA.

## COUNT V

**Pay Frequency Claim**
**(Brought on Behalf of Plaintiffs and all Rule 23 Class Members)**

121.     Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

122.     Defendants failed to pay Plaintiffs and the Rule 23 class members wages in full, and failed to meet the pay frequency requirements under the New York Labor Law §191.

123.     Consequently, pursuant to New York Labor Law §§191 and 198, Plaintiffs and the Rule 23 class members are entitled to damages.

## COUNT VI

**N.Y. Debtor & Credit Law §273, 274, 275, 276**

124.     Plaintiffs reallege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

125.     After the Liu Litigation was filed, Defendant May Tong approached Mr. Liu, and told him that the defendants already conveyed their assets to Defendant Fen Zhen Chen and/or third-parties without fair consideration, and were rendered insolvent thereby.

– 17 –

126.    Defendant Wing Keung also conveyed its assets to WKFC, without fair consideration.

127.    WKFC should assume successor liability since it took over Wing Keung's customers, employees, management team, and inventory.

128.    WKFC is also currently conducting the same line of business as Wing Keung at Wing Keung's new address 810 South Broadway, Hicksville, NY 11801.

129.    Defendants have fraudulently conveyed their assets to third-parties without fair consideration.

130.    By reason thereof, Plaintiff has incurred and continues to incur damages.

131.    The Defendants are therefore jointly and severally liable to Plaintiff for said damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, prays for the following relief:

A.    That, at the earliest possible time, Plaintiffs be allowed to give notice of this collective action, or that the Court issues such notice, to all persons who are presently, or have at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by the defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages.

B.    Certification of this case as a collective action pursuant to the FLSA;

C.    Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

D.   Designation of Representative Plaintiffs as representatives of the Rule 23 Class, and counsel of records as Class Counsel;

E.   Issuance of a declaratory judgment that the practice complained of in this Complaint are unlawful under New York Labor Law, Article 19, §§ 650 et seq., and the supporting New York State Department of Labor regulations;

F.   Unpaid wages, and an additional and equal amount as liquidated damages pursuant to 29 U.S.C. §§ 201 *et seq.* and the supporting United States Department of Labor regulations;

G.   Unpaid wages, and an additional and equal amount as liquidated damages pursuant to N.Y. Lab. Law Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations;

H.   Punitive damages;

I.   Pre-judgment interest;

J.   Post-judgment interest;

K.   Reverse the transactions conducted by the defendants in connection with their fraudulent conveyance;

L.   An injunction requiring Defendants to pay all statutory-required wages and comply with all other legal requirements as detailed in this Complaint, pursuant to the FLSA and NYLL;

M.   Attorneys' fees and costs of the action; and

N.   Such other relief as this Court shall deem just and proper.

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint.


Dated: New York, New York

December 27, 2021



_____
By: Heng Wang
Heng Wang & Associates, P.C.
305 Broadway, 7th Floor
New York, NY 10007
Telephone: (212) 203-5231
Facsimile: (212) 203-5237
heng.wang@wanggaolaw.com
*Attorneys for Plaintiffs, proposed FLSA Collective*
*and potential Rule 23 Class*

**NOTICE OF INTENTION TO ENFORCE
SHAREHOLDER LIABILITY FOR SERVICES RENDERED**

To: Keung Chan and May Tong

PLEASE TAKE NOTICE THAT pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that the plaintiff and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of WING KEUNG ENTERPRISES, INC. and WK TRUCKING LLC for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporation/LLC for services performed by them for the said corporation/LLC within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: December 27, 2021
New York, New York



_____
By: Heng Wang, Esq.
Heng Wang & Associates, P.C.
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 203-5231
Facsimile: (212) 203-5237
heng.wang@wanggaolaw.com
*Attorneys for Plaintiffs*

**NOTICE OF INTENTION TO ENFORCE
SHAREHOLDER LIABILITY FOR SERVICES RENDERED**

To: Simon Chan

PLEASE TAKE NOTICE THAT pursuant to the provisions of Section 630 of the Business Corporation Law of New York and Section 609 of the Limited Liability Company Law of New York, you are hereby notified that the plaintiff and others similarly situated intend to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders and/or members of WKFC LLC for all debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the said corporation/LLC for services performed by them for the said corporation/LLC within the six (6) years preceding the date of this notice and have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

Dated: December 27, 2021
      New York, New York



_____
By: Heng Wang, Esq.
Heng Wang & Associates, P.C.
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 203-5231
Facsimile: (212) 203-5237
heng.wang@wanggaolaw.com
*Attorneys for Plaintiffs*

**DEMAND BY EMPLOYEES TO INSPECT SHARE RECORDS AND MINUTES PURSUANT TO SECTION 624 OF THE NEW YORK STATE BUSINESS CORPORATION LAW**

To:    WING KEUNG ENTERPRISES, INC.
       WK TRUCKING LLC
       WKFC LLC

PLEASE TAKE NOTICE THAT the plaintiff and others similarly situated as employees of the above corporation and LLC who intend to demand, pursuant to the provisions of Section 630 of the Business Corporation Law of New York, and Section 609 of the Limited Liability Company Law of New York, payment of debts, wages, and/or salaries due and owing to them as laborers, servants, and/or employees of the above corporation and LLC for services performed by them for the above corporation and LLC within the six (6) years preceding the date of this notice from the ten largest shareholders of the above corporation and LLC, and who have expressly authorized the undersigned, as their attorney, to make this demand on their behalf.

HEREBY DEMAND the right to examine, in person or by agent or attorney, during usual business hours, the minutes of the proceedings of the shareholders and records of shareholders of the above corporation/LLC and to make extracts therefrom on or after five (5) days from receipt of this notice.

Dated: December 27, 2021
     New York, New York

_____

By: Heng Wang, Esq.
Heng Wang & Associates, P.C.
305 Broadway, 7th Floor
New York, New York 10007
Telephone: (212) 203-5231
Facsimile: (212) 203-5237
heng.wang@wanggaolaw.com
*Attorneys for Plaintiffs*

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Wing Keung Enterprises, Inc., WKFC, LLC, and/or their related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingency Retainer Agreement signed by me in this case.

Dated: 04/28/2021

Xiaojun Hu

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Wing Keung Enterprises, Inc., WKFC, LLC, and/or their related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingency Retainer Agreement signed by me in this case.

Dated: 04/28/2021

Haifeng Zhang

## CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT

I am an employee currently or formerly employed by Wing Keung Enterprises, Inc., WKFC, LLC, and/or their related entities. I consent to be a plaintiff in an action to collect unpaid wages. I agree that I am bound by the terms of the Contingency Retainer Agreement signed by me in this case.

Dated: ___04/28/2021___                    _____

Ye   Yao

# Exhibit 1

Case 1:14-cv-00390-JBW-LB   Document 164/18-cv-01705/10/17 Page 2 of 2 PageID #: 7569

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

HENG WANG & ASSOCIATES, P.C.
305 Broadway, Suite 1000
New York, NY 10007
(t): (212) 513-1183
(f): (646) 572-8998

----------------------------------------x

CHAOHUI TANG, JIANLIN LI, and
QING ZE LIU

       Plaintiffs,

    -against-

WING KEUNG ENTERPRISES, INC., and
KEUNG CHAN

       Defendants.

----------------------------------------x

Civil Action No.: 1:14-cv-00390 (JBW) (LB)

ORDER AND JUDGMENT

This action having been brought for trial before the Honorable Jack B. Weinstein, United States District Judge, on February 6, 7, 8, 13, 14, and 15, 2017; the jury having returned a verdict awarding the plaintiffs damages; and the Court having considered the parties' post-trial submissions and heard argument of counsel; and for good cause shown, it is

ORDRED, ADJUDICATED, AND DECREED that Judgment is hereby entered against Defendant Wing Keung Enterprises, Inc. and Defendant Keung Chan, jointly and severally, as follows:

Plaintiff Jianlin Li is awarded $62,265.29 in actual damages, $32,124.40 in liquidated damages, $4,950.00 in statutory damages, and pre-judgment interest of $34,765.29, for a total of $134,104.98;

Plaintiff Chaohui Tang is awarded $29,289.64 in actual damages, $29,289.64 in liquidated damages, $5,000.00 in statutory damages, and pre-judgment interest of $13,350.48, for a total of $76,929.76;

Plaintiff Qing Ze Liu is awarded $23,428.84 in actual damages, $23,428.84 in liquidated damages, $5,000.00 in statutory damages, and pre-judgment interest of $11,106.93, for a total of $62,964.61;

The plaintiffs are awarded attorneys' fees of $239,892.90 to be divided equally among

1

the plaintiffs, and costs of $11,526.79.

A 15% penalty for non-payment will be added to any amount of the judgment attributable to violations of the NYLL that remains unpaid upon the expiration of ninety days following the issuance of judgment, or ninety days after expiration of the time to appeal and no appeal therefrom is then pending, whichever is greater, pursuant to N.Y. Lab. Law §663(4).

The plaintiffs are awarded post-judgment interest on all sums awarded, to wit, $525,419.04 unless the aforementioned 15% penalty applies, commencing when the Clerk of the Court enters judgment until the date of payment.

Dated:      5/16     , 2017


Honorable Jack B. Weinstein
UNITED STATES DISTRICT JUDGE

# Exhibit 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
JUN KONG,

                              Plaintiff,

                                                          JUDGMENT
                                                          15-cv-6228(LB)

        -against-

WING KEUNG ENTERPRISES, INC.,
KEUNG CHAN, and MAYTONG,

                              Defendants.
-------------------------------------------------------- X

        An Order of Honorable Lois Bloom, United States Magistrate Judge, having been filed

on August 3, 2018, directing the Clerk of Court to enter judgment against the Defendants Wing

Keung Enterprise's, Inc., Keung Chan, and May Tong, jointly and severally, in the amount of

$ 800,000.00; it is

        ORDERED and ADJUDGED that judgment is hereby entered against the defendants

Wing Keung Enterprise's, Inc., Keung Chan, and May Tong, jointly and severally, in the amount

of $800,000.00; and that in the event of a monetary default under the settlement agreement, the

plaintiff is awarded post-judgment interest on all sums awarded, to wit, $ 800,000.00, unless the

aforementioned 15% penalty applies, commencing from the date of entry of judgment until the

date of payment.

Dated: Brooklyn, NY                            Douglas C. Palmer
August 6, 2018                                 Clerk of Court

                                    By:    /s/Jalitza Poveda
                                           Deputy Clerk